IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRUCE JAKIERRA FUNDERBURK,    )
                              )
          Plaintiff,          )
                              )
     v.                       )     1:12CV1266
                              )
BRIAN LEWIS HELMS,            )
                              )
          Defendant.          )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for disposition of Plaintiff's Second Motion to Amend the Complaint (Docket Entry 18), as well as for a recommended ruling on Plaintiff's Motion for Summary Judgment (Docket Entry 17). For the reasons that follow, Plaintiff's Second Motion to Amend is denied and Plaintiff's Motion for Summary Judgment should be denied.

### Procedural History

Plaintiff, a prisoner acting pro se, commenced this action by filing a Complaint on November 19, 2012. (Docket Entry 2.) According to the Complaint:

> [O]n 4/8/2012 O[fficer] H[elms] pulled [Plaintiff] out of [his] families [sic] [b]asement, [l]ookin[g] for a [b]reakin[g] [a]nd [e]ntering suspect. After [d]oing so, Officer: [P]oston[,] V[.] cuffed [Plaintiff] [a]fter [j]umping a [f]ence & cutting himself . . . [Plaintiff] & V[.] Poston [were] [b]oth [b]leeding . . . . [A]t C[arolinas] M[edical] C[enter] in Kannapolis[,] [Plaintiff was] then held [d]own [b]y [Officer] B.L. H[elms] & S. Furr [and] H[.] F[lesher] & striped [sic] of

>     [b]lood. [W]ith-out [d]ue process of producing a warrant.
>     [Plaintiff] refused [be]cause there was [b]lood on the
>     scean [sic], or so [the] officers said."

(Id. at 3.) The Complaint alleges a cause of action under 42 U.S.C. § 1983 and seeks damages in excess of $200,000. (Id. at 1, 4.)

The Scheduling Order in this case set April 22, 2013, as the deadline for Plaintiff to amend his pleadings or to add parties. (See Text Order dated Mar. 21, 2013.) On April 10, 2013, Plaintiff sought to amend his Complaint to remove Defendants Flesher and Furr, explaining that "since the [f]iling of the [C]omplaint the [P]laintiff had [l]earned that H. Flesher & S. Furr were not present at CMC hospital." (Docket Entry 14.) Plaintiff's Motion to Amend also requested "the 3 officers names present on 4/8/12 at CMC hopital [sic]. [A]s well as [n]urses." (Id.) The Court granted Plaintiff's Motion to Amend, to the extent that the "Complaint [was] deemed amended to omit H. Flesher and S. Furr as Defendants." (Text Order dated Apr. 10, 2013.) The Court further indicated to Plaintiff that, should he wish to make additional changes to the Complaint, "he [should] file a new motion making clear the nature and basis for any such amendment and [should] attach thereto his proposed amended complaint." (Id.)

### Plaintiff's Second Motion to Amend

Plaintiff's filed his instant Motion on July 29, 2013, seeking to amend his complaint a second time to add several unnamed nurses

from Carolinas Medical Center and one or more unnamed Kannapolis police officers as Defendants. (Docket Entry 18.) Defendant filed a response in opposition. (Docket Entry 21.)

Given the procedural posture of this case and Defendant's refusal of consent, Plaintiff "may amend [his] pleading only with . . . the court's leave. The [C]ourt should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, the Court has discretion, "but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has further explained "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999). In addition, because Plaintiff seeks to add parties after the Scheduling Order's deadline for such action, he also must show "good cause" under Federal Rule of Civil Procedure 16(b)(4). See Nourisan Rug Corp. v. Parvizan, 535 F.3d 295, 298-99 (4th Cir. 2008). "[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is diligence." Marcum v. Zimmer, 163 F.R.D. 250, 255 (S.D.W.Va. 1995).

Plaintiff's instant Motion fails under the standards of Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). As an

-3-

initial matter, a proposed amended complaint does not accompany Plaintiff's instant Motion, as required by this Court's prior order. (See Text Order dated Apr. 10, 2013; Docket Entry 18.) Nor does Plaintiff's instant Motion offer any reasons for the delay beyond the deadline set in the scheduling order. (See Text Order dated Mar. 21, 2013; Docket Entry 18.) It also fails to support the need to add parties at this time - as this Court also directed - beyond reiterating the same allegations against unnamed nurses and police officers found in the Complaint. (See Text Order dated Apr. 10, 2013; Docket Entry 18.) Such disregard for this Court's directives reflects a lack of diligence and does not support a finding of good cause.

Moreover, adding additional parties at this time would require the Court to reopen discovery and extend other deadlines to protect the rights of the new parties, a course of conduct that would conflict with the interest in keeping this case on schedule. See United States ex. rel. Knight v. Reliant Hospice Inc., Case No. 3:08-3724-CMC, 2011 WL 1321584, at *4 (D.S.C. Apr. 4, 2011) (unpublished opinion) ("[A] risk of prejudice, therefore, flows from the competing goals of moving this case to completion in a timely manner, and allowing a fair opportunity for discovery as to the new parties . . . ."). If the Court allowed the proposed addition of parties, it could not reasonably address these

competing goals. Under these circumstances, the Court will deny Plaintiff's Second Motion to Amend.[1]

## Plaintiff's Motion for Summary Judgment

Plaintiff moved for summary judgment on July 15, 2013, "[d]ue to Defendant Brian L. Helms [a]dmitting to the [d]igital search & seizure [i]n [r]esult [r]emoving [P]laintiff Bruce J[.] Funderburk's DNA" and "[d]ue to [Plaintiff] sending [d]iscoveries [m]onths ago & hasent [sic] [r]ecived [sic] copies or [a]nswers [f]rom Defendent [sic] or Defendents [sic] [a]ttorny [sic]." (Docket Entry 17.) Defendant responded in opposition. (Docket Entry 20.) Plaintiff subsequently filed an unsworn "Statement of Violations," expanding on the alleged deprivations of his rights and asserting that "within the gidelines [sic] of documented law & policy, the 'guilty plea' to the [a]lleged crime by the alleged suspect should be retracted by law and (DNA) [b]lood [s]ample suppressed due to the [a]dmission by the unlawful [f]orceable

---

[1] For reasons stated in Deberry v. Davis, No. 1:08CV582, 2010 WL 1610430, at *7 n.8 (M.D.N.C. Apr. 19, 2010) (unpublished opinion), the undersigned Magistrate Judge will enter an order, rather than a recommendation. See also Everett v. Prison Health Servs., 412 F. App'x 604, 605 & n.2 (4th Cir. 2011) ("[The plaintiff] moved for leave to amend her complaint . . . to add . . . a defendant . . . and to add a state-law claim of medical malpractice against [that new defendant]. After a hearing, the magistrate judge denied [that] motion. [The plaintiff] timely objected, thereby preserving the issue for review by the district court . . . . [T]he district court could not modify or set aside any portion of the magistrate judge's order unless the magistrate judge's decision was 'clearly erroneous or contrary to law.' Fed. R. Civ. P. 72(a); 28 U.S.C.A. § 636(b)(1)(A)(2006 & Supp. 2010).").

-5-

extraction of said (DNA) blood sample." (Docket Entry 22 at 1-2.)

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a genuine dispute exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In making this determination, the Court must view the evidence and any reasonable inferences therefrom in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Defendant's responsive memorandum denies "that Defendant has admitted to any unreasonable search and seizure or constitutional violation of any kind." (Docket Entry 20 at 3-4.) Similarly, Defendant's Answer to Plaintiff's Complaint admits that Plaintiff and Officer Poston were "transported to CMC Kannapolis Hospital for testing due to possible blood pathogen exposure," but does not admit to performing any tests against Plaintiff's will or without proper authorization. (Docket Entry 12 at 1-2.) Moreover, neither Plaintiff's instant Motion nor his "Statement of Violations" identify record evidence that would warrant judgment in his favor. (See Docket Entry 17; Docket Entry 22 at 1-2.) Rather, Plaintiff's Motion and Statement offer unsupported legal conclusions and seek relief from his related criminal conviction. (See id.) This Court

-6-

Case 1:12-cv-01266-LCB-LPA   Document 23   Filed 09/26/13   Page 6 of 7

should not grant summary judgment for Plaintiff under such circumstances.

Finally, Local Rule 7.3(a) provides that a brief must accompany all motions - except those listed under Local Rule 7.3(j) (which does not include motions for summary judgment). Under Local Rule 7.3(k), "[a] motion unaccompanied by a required brief may, in the discretion of the court, be summarily denied." No brief accompanies Plaintiff's instant Motion for Summary Judgment, nor does said Motion itself contain arguments in support of summary judgment, beyond a recitation of the same facts alleged in unsworn fashion in Plaintiff's Complaint. (See Docket Entry 17.) For these reasons, the Court should deny Plaintiff's Motion for Summary Judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Second Motion to Amend (Docket Entry 18) is **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Summary Judgment (Docket Entry 17) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 26, 2013